STERN v. CLINTON. See Case No. 8,688.

---

## Case No. 13,377.

### STERN v. SCHONFIELD.

[3 Cin. Law Bul. (1878) 500.]

Circuit Court, S. D. Ohio.

BANKRUPTCY—CONFESSION OF JUDGMENT AS PREFERENCE OF CREDITORS.

[This was an action by L. Stern against Alexander Schonfield.]

Wright & Simon, for petitioner.

W. M. Bateman and F. W. Wood, for defendant.

Before SWING, District Judge.

In this case, Stern and others, as creditors of defendant, filed their petition in bankruptcy against him, and, as the act of bankruptcy, alleged that about the 1st of November, 1877, he confessed judgments in favor of Schonfield Bros. & Co. and Steinfield, with intent to prefer. They also filed a petition in the same case against those judgment creditors for an injunction to restrain them from enforcing a levy upon Schonfield's goods. In January, 1875, Steinfield loaned Schonfield a sum of money, and took a judgment note for it. In July, 1877, Schonfield Bros. & Co., having a large claim against Schonfield, loaned him $1,800, and took two judgment notes for the whole indebtedness. In November, 1877, a few days before the filing of the petition in bankruptcy, Schonfield Bros. & Co. and Steinfield took judgment upon their notes, and levied execution upon Schonfield's store. Petitioners moved for leave to amend their petition in bankruptcy so as to charge as a further act that Schonfield had given power of attorney to confess judgment with intent to prefer creditors.

THE COURT held: First. That within the meaning of the bankrupt act [of 1867 (14 Stat. 517)] the defendant, Schonfield, did not confess judgments as alleged; the taking of a judgment upon a power of attorney not being a confession of judgment within the meaning of the law.

Second. That petitioning creditors are not entitled to amend so as to allege a new act of bankruptcy.

Third. That in this case, if the notes and powers of attorney were given without intent to prefer, and without knowledge of the bankruptcy of the maker, the creditors are entitled to pursue their legal remedies thereon by judgment and levy, although the debtor may be bankrupt, and the creditors have knowledge of that fact the time of such judgment and levy.

Fourth. That as a matter of fact the powers of attorney were not given with intent to prefer in violation of the bankrupt law.

Both petitions were dismissed at the cost of the petitioning creditors.