In re NELSON.

(District Court, W. D. Wisconsin. January 11, 1899.)

No. 3.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERENCE.

Where a debtor, many years before the enactment of the bankruptcy law, gave a promissory note, with warrant of attorney, based upon a good consideration, on which the creditor entered judgment after the passage of the law, the debtor not procuring such action to be taken, nor being able to prevent it, it cannot be said that he has "suffered or permitted" the creditor to ·"obtain a preference through legal proceedings," within the meaning of Bankr. Act 1898, § 3a, cl. 3, and therefore the transaction does not constitute an act of bankruptcy on the part of the debtor.

2. SAME—PETITION—AVERMENTS.

A petition in involuntary bankruptcy should allege issuable facts with reasonable and sufficient certainty; and an allegation that the debtor has, within four months last past, transferred large amounts of his property to one or more of his creditors, with intent to prefer such creditors over his other creditors, is insufficient as an averment of an act of bankruptcy. The specific fact relied on should be alleged with particulars as to time, place, person, and circumstances.

3. SAME—VERIFICATION OF PETITION.

Where the truth of the matters of fact alleged in a petition in involuntary bankruptcy is within the knowledge of the petitioning creditors, the petition should be verified by them in person, and not by an attorney for them.

4. SAME—AMENDMENT OF PETITION.

Where a petition in involuntary bankruptcy attempts to set forth acts of bankruptcy by the respondent which would justify an adjudication if properly alleged and proved, but its averments are so vague and general as not to be sufficient in law, and the petition is verified by the attorney of the petitioning creditors, instead of by the creditors themselves, the court of bankruptcy, instead of dismissing the petition, may allow it to be amended and verified anew by the petitioners.

In Bankruptcy. On motion to dismiss petition in involuntary bankruptcy.

D. K. Tenney and Erdahl & Swanson, for petitioning creditors.
Wm. F. Vilas and R. M. Bashford, for respondent.

BUNN, District Judge. I think the petition in this case must be dismissed unless the petitioners be allowed to amend their petition so as to conform to the law and the forms of procedure provided by the supreme court.

1. I am of opinion that the allegation that Nelson, on the 1st day of November, 1898, suffered and permitted, while insolvent, one Mrs. Johnston, a creditor, to obtain a preference through legal proceedings by entry of judgment on a note dated 5th February, 1885, payable in five years after date, in the sum of $8,960, upon a warrant of attorney, is insufficient. He had a right to give a note, with warrant of attorney, so long before the bankruptcy law was passed, and, having given it upon good consideration, it was not in his power to prevent the entry of a judgment against him. What was not in his power to prevent he can hardly be said to have suffered or procured. To make the entry of judgment an act of bankruptcy, there should be some fault on his part by way of procuring or suffering the act to be done. This case comes squarely within the decisions of the supreme court in Wilson v. Bank, 17 Wall. 473, 21 L. Ed. 723, and Bank v. Warren, 96 U. S. 539, 24 L. Ed. 640.

2. The allegation that Nelson had, within four months last past, transferred, while insolvent, large amounts and values of his property to one or more of his creditors, with an intent to prefer said creditors over his other creditors, is quite insufficient as an allegation of fact. The specific fact relied upon should be alleged with time, place, person, and circumstances, as in any other allegation of fraud in a pleading either in law or equity. There is no allegation of fact here that the creditor can meet. He is not apprised of what it is intended to prove against him. The allegations should be allegations of fact, made with reasonable and sufficient certainty. The rule is well laid down by Judge Blodgett in Re Butterfield, 5 Biss. 120, Fed. Cas. No. 2,247; Black, Bankr. 108; In re Rathbone, 1 N. B. R. 50, 65, Fed. Cas. No. 11,580; In re Beardsley, 1 N. B. R. 52, Fed. Cas. No. 1,183; In re Marvson, 1 N. B. R. 115, Fed. Cas. No. 9,318; Ex parte Potts, 19 Fed. Cas. 1199 (No. 11,344); In re Randall, 20 Fed. Cas. 222 (No. 11,551). There is no analogy between a petition in involuntary bankruptcy and the affidavit to obtain an attachment, where the form of the petition is prescribed. The form of the petition in bankruptcy is not prescribed by the statute, but by the rules of the supreme court, which plainly require the facts to be stated. The statute contemplates that a trial by jury may be had upon the allegations of the petition in case the debtor so chooses, and this shows the necessity of alleging issuable facts, and not mere conclusions.

3. I think, also, the verification should have been by the petitioners, and not by the attorney. I am not prepared to hold that there could not be a case where the verification might be made by the attorney where the facts are within his knowledge, and not within the knowledge of the petitioners, and the attorney is authorized by the petitioners to make it. But it is not necessary to decide that question here. The allegations are those of the petitioners, and not of the attorney. Where the allegations are all in positive form,

as in this case, the presumption is that the truth of the allegations is within the knowledge of the petitioners. The form prescribed by the supreme court contemplates that the verification is to be made by the petitioners, and not by the attorney. It is true that these rules were not in force at the time the petition was filed, but the statute requiring a verification was in force, and it is not too late to comply with the rule.

4. It is urged by attorneys for Mr. Nelson on this hearing that there is not enough in the petition to give this court jurisdiction, and that, therefore, no amendment to the petition or verification can be allowed, and that the petition must be dismissed. I cannot agree with this contention, and shall allow the petitioners to amend their petition, and make a new verification complying with the statute and the rules of the supreme court by the third Monday of January, 1899. If no amendment is made, the petition will be dismissed.