## In re STEIN.

(Circuit Court of Appeals, Second Circuit. January 22, 1901.)

### No. 62.

BANKRUPTCY—DELAY IN PROSECUTING PROCEEDING—JURISDICTION.

The court does not lose jurisdiction under an original petition of creditors alleging acts of bankruptcy of the debtor, and praying for his adjudication as a bankrupt, because such creditors do nothing more than have a subpoena issued, which is returned with indorsement that the debtor cannot be found; but may permit other creditors, whose petitions for leave to join in the original petition are filed more than four months after the alleged act of bankruptcy, to join, and prosecute to an adjudication; Bankr. Act, § 18, cl. "a," providing that, on the filing of a petition for involuntary bankruptcy, service thereof, with a writ of subpoena, shall be made in the same manner that service of such process is had in suits in equity, except that it shall be returnable within 15 days, unless the judge shall fix a longer time, but, in case personal service cannot be made, notice shall be given by publication as in equity, being merely directory, and intention that a petition shall not become functus officii by omission of the petitioning creditors to proceed to an adjudication being apparent from section 59, cl. "f," providing that creditors, other than original petitioners, may at any time enter their appearance, and join in the petition, or file an answer and be heard in opposition to the prayer of the petition, and clause "g" providing a petition shall not be dismissed by the petitioners, or for want of prosecution, or by consent of parties, till after notice to the creditors.

Appeal from the District Court of the United States for the Southern District of New York.

Arthur Furber, for appellant.

Joseph E. Russell, Jr., for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The appellant was on the 24th day of January, 1900, adjudicated a bankrupt by the district court upon the petition of his creditors. The record shows that prior to December 8, 1898, a petition was filed in the court of bankruptcy by Vietor and others, creditors of Stein, alleging that on the 14th day of November, 1898, Stein was insolvent, and on that day committed an act of bankruptcy, which consisted in concealing and removing his property with the intent to hinder, delay, and defraud some of his creditors, and to prefer others, and praying for his adjudication as a bankrupt. Upon this petition a subpoena was issued on the 8th day of December, 1898, requiring Stein to appear on the 15th day of December following to answer or plead to the petition. This subpoena was returned by the marshal, with the indorsement, "Jule Stein not found in my district." At the time of filing the petition the district court granted an injunction restraining the State Bank from interfering with any assets or property received from Stein. On the 25th day of November, 1898, this injunction was vacated upon the application of the State Bank. Nothing further was done in the proceeding until April 3, 1899. At that time Hart and others, creditors of Stein, filed a petition praying that they be permitted to join as petitioning creditors in the original petition, and that he be

adjudicated a bankrupt. That petition referred to the original petition as setting forth the acts of bankruptcy which had been committed by Stein. The court thereupon made an order permitting these creditors to join in the original petition. Subsequently other creditors of Stein were permitted to join in the original petition. October 31, 1899, another subpoena was issued by the court directing Stein to appear and answer. Thereupon Stein appeared, and filed a plea, which, in substance, challenged the jurisdiction of the court to proceed, because he had not been served with a subpoena until after the supplemental petitions were filed. The plea was overruled, and an adjudication of bankruptcy was ordered.

The question which is raised by the appeal is whether the court lost jurisdiction under the original petition because of the omission of the petitioning creditors therein to prosecute the proceeding, and was without authority to permit other creditors, whose petitions were not filed within four months of the alleged act of bankruptcy, to join and prosecute to an adjudication of bankruptcy. It is insisted for the appellant that the court lost jurisdiction because there was no service of a subpoena to answer the original petition pursuant to the provisions of section 18, cl. "a," Bankr. Act. That provision reads as follows:

"Upon the filing of the petition for involuntary bankruptcy, service thereof, with a writ of subpoena, shall be made upon the person therein named as defendant in the same manner that service of such process is now had upon the commencement of a suit in equity in the courts of the United States, except that it shall be returnable within fifteen days, unless the judge shall for cause fix a longer time; but in case personal service cannot be made, then notice shall be given by publication in the same manner and for the same time as provided by the law for notice by publication in suits in equity in the courts of the United States."

The argument for the appellant is that the word "shall," as used in the section, is mandatory. The rule of construction of statutory provisions regulating the time, form, and mode of proceeding by courts and public officers is that they are generally to be deemed directory, and as intended merely to secure system, uniformity, and dispatch in the conduct of public business. "Provisions of this character are not usually regarded as mandatory unless accompanied by negative words, importing that the acts required shall not be done in any other manner or time than designated." French v. Edwards, 13 Wall. 506–511, 20 L. Ed. 702, 703. We find nothing in the language of the section, or in any of the other provisions of the act, inconsistent with the application of the general rule. Undoubtedly, if the subpoena were made returnable in less than the 15 days prescribed by the section, the alleged bankrupt would be deprived of the full opportunity to appear and answer which the section contemplates, and an adjudication, under these circumstances, would be erroneous, but we do not suppose it could be held void; and this is the only regulation in the section having regard to the rights or protection of the alleged bankrupt. The other regulations are manifestly to secure convenient and orderly procedure. That it was not the intention of the act that a petition should become functus officii by the omission of the petitioning creditors to proceed to an adjudi-

cation is apparent from the provisions of section 59. Clause "f" reads as follows: "Creditors other than original petitioners may at any time enter their appearance and join in the petition, or file an answer and be heard in opposition to the prayer of the petition." Clause "g" reads as follows: "A voluntary or involuntary petition shall not be dismissed by the petitioners or for want of prosecution or by consent of parties until after notice to the creditors." These provisions expressly authorize other creditors than the petitioners to avail themselves at any time of the original petition, including, of course, the act of bankruptcy alleged therein, and to contest the propriety of an adjudication whenever their rights would be injuriously affected thereby. They also prevent the dismissal of the original petition by the creditors therein, or by the bankrupt, whether for good cause or collusively, without giving the other creditors an opportunity to oppose.

It is urged that to permit other creditors to procure an adjudication who have not sought to do so until after four months have elapsed since the act of bankruptcy would enable them to overhaul conveyances and sales as fraudulent or preferential which could not be done otherwise, and might work injustice to those whose titles had by lapse of time become safe. Nothing in the bankrupt act indicates a solicitude for the protection of fraudulent vendees, and, if creditors whose preferences may be disturbed have any equities to urge against an adjudication, they are authorized by section 59 to intervene and present them. And, even if imaginable cases of hardship may arise, the plain language of the act, authorizing creditors "at any time" to join in the original petition, cannot be disregarded.

It is not necessary to decide that the bankruptcy court is without authority to dismiss a petition, on the application of the bankrupt, for want of prosecution, and upon notice to all his creditors, when there has been an unreasonable delay to proceed. All that we decide is that a plea to the jurisdiction in a case like the present cannot be maintained.

The judgment is affirmed.