In re GRANT et al.

(District Court, S. D. New York. March 12, 1901.)

1. PARTNERSHIP—EVIDENCE TO ESTABLISH.
　　An alleged partner had, prior to January 1, 1897, been employed by a
　firm. There were no written articles, but in August of the same year
　a certificate of partnership was filed, signed by the employé and the other
　members of the firm, and published in the newspapers, together with a
　formal announcement of the formation of the firm. Business cards were
　prepared with the name of the firm from a draft in such person's own
　handwriting. Held sufficient to establish a partnership.

2. SAME—ASSIGNMENT FOR BENEFIT OF CREDITORS.
　　A general assignment for the benefit of creditors was executed by two
　of three partners. The third partner had designedly left the jurisdiction, but the assignment had been previously considered and advised by
　him. Held a sufficient assent to make the assignment valid as to the firm's
　assets.

3. BANKRUPTCY—PREFERENCES.
　　Where a member of an insolvent firm transfers considerable property
　to his father-in-law in consideration of an antecedent debt within four
　months of bankruptcy proceedings, it will be held to have been done with
　intent to prefer such creditor.

In Bankruptcy.

Samuel Untermyer, for petitioning creditors.
Francis Bergen, opposed.

BROWN, District Judge. The creditors' petition filed December 3, 1900, alleges that the firm of Grant Bros., stockbrokers, consisted of Frederick and Charles F. Grant and John K. Van Sickle; that the firm on November 12, 1900, was insolvent and made an assignment for the benefit of creditors; and that Van Sickle, also being insolvent, within four months preceding, conveyed his property or some part thereof to George H. Klein for an antecedent debt, with intent to prefer said alleged creditor. Van Sickle alone answered the petition, denying that he was a member of the firm, that he was insolvent, or that he had conveyed any property with intent to prefer.

1. There seems to me no doubt upon the evidence that Van Sickle was a partner with the two Grants, not only as to creditors, but as between themselves. Prior to January 1, 1897, he had been employed by Frederick Grant in various capacities. At that time the firm was reorganized, to consist of Frederick Grant, Charles F. Grant and Van Sickle. There were no written articles; but in August, 1897, a certificate was filed with the county clerk bearing date January 1, 1897, signed by all three and stating that they were members of the co-partnership under the name and style of Grant Bros., and this certificate was published for four weeks in the Law Journal. A formal public announcement was also made to the same effect, and a circular therefor was prepared, signed and sent out by Van Sickle himself; and business cards to the same effect were prepared from a draft in Van Sickle's own handwriting, stating him to be a member of the firm. He was also introduced as a partner to the officials of the Bank of the State of New York, as authorized to draw the firm funds, and the business was afterwards so transacted. By the verbal arrangement he was entitled to 10 per cent. of the profits and $3,000 a year. His drawing allowance was the same as that of the other partners, and Mr. Van Sickle has given no testimony to show that he was not a partner.

2. The just claims of the petitioning creditors are established.

3. The general assignment by Grant Bros. for the benefit of creditors on November 12, 1900, was executed only by Frederick and Charles F. Grant. At that time Van Sickle had designedly left this jurisdiction. The assignment had however been previously a matter of discussion, and Van Sickle himself had advised it. Considering this advice and the circumstances of his absence, I am inclined to the opinion that he should be deemed to have assented to it sufficiently to make it a valid assignment of the firm's assets. Welles v. March, 30 N. Y. 344. But whether the assignment was valid or not, it was an act of bankruptcy as respects Frederick and Charles F. Grant. In re Meyer, 39 C. C. A. 368, 98 Fed. 976. Van Sickle also committed an act of bankruptcy in transferring considerable property to his father-in-law Klein, as stated in the petition, within four months of the bankruptcy proceeding, in consideration only of an antecedent debt which under the circumstances must be held to have been done with the intent to prefer him and make him secure. Being a mem-

106 F.—32

bcr of the firm of Grant Bros., Van Sickle was largely insolvent, since the liabilities of the firm are about $400,000, and their assets very small.

The proper marshaling of assets in such cases requires the adjudication of all in one proceeding and the appointment of a single trustee of both the individual and the joint assets.

The adjudication is decreed against all three.