## WHITE et al. v. BRADLEY TIMBER CO.

(District Court, S. D. Alabama. June 28, 1902.)

### No. 133.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.

An order dismissing a petition in involuntary bankruptcy on the ground that it stated no act of bankruptcy will not be set aside, and the filing of an amended petition permitted, setting up other acts of bankruptcy, of a different character from those attempted to be charged in the original petition, unless the omission to state such grounds therein is excused, and it appears that the allowing of the amendment would be clearly in furtherance of justice.

In Bankruptcy. On motion to set aside order dismissing involuntary petition, and for leave to file amended petition.

Fitts, Stoutz & Armbrecht, for petitioners.
F. G. Bromberg, for defendant.

TOULMIN, District Judge. A petition was filed in this case which failed to allege an act of bankruptcy. On motion of the defendant, it was dismissed or stricken from the files on June 21, 1902. On June 24th the petitioners moved the court to set aside the order of June 21st, and to allow them to file an amended petition setting up other and additional acts of bankruptcy than that attempted to be shown in the original petition. To this motion to be allowed to amend, the defendant objects.

The authorities are to the effect that, in the application for leave to amend, the petitioners shall state the cause of the error in the paper originally filed. It must be shown that the petitioners or their attorney had no knowledge of, and could not have ascertained with rea-

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 128.

sonable diligence, the facts sought to be added by the amendment, at the time the original petition was filed, or that the facts were omitted by inadvertence, mistake, or other reason which would excuse such omission. Coll. Bankr. pp. 223, 224, and authorities therein cited; Loveland, Bankr. p. 183. "Bankruptcy courts have the usual power of courts of justice, upon motion and for good cause, to authorize amendments of pleadings, including petitions. They will rarely do so if the purpose of the amendment is to introduce allegations setting up an additional or new act of bankruptcy. But such amendment will be allowed if clearly in furtherance of justice, and if its omission from the original petition is properly excused." Coll. Bankr., supra. Leave to amend will not generally be granted when the proposed amendments would introduce into the petition entirely new acts of bankruptcy, and are not founded upon facts not stated or referred to in the original petition. Loveland, Bankr., supra. Such seems to be the weight of authority on the subject. There is some authority for the proposition that, where the amendment offered shows acts of bankruptcy of a like character as the one stated in the original petition, the amendment will be allowed or authorized before or at the hearing in the cause. The original petition stated no act of bankruptcy. The amended petition proposed does not show acts of bankruptcy of a like character as the one attempted to be shown in the original petition. It does not appear from the proposed amendment that it would be "clearly in furtherance of justice." It does not appear from the amended petition, and has not been otherwise shown, why the acts of bankruptcy set up in the amended petition were omitted from the original petition. No reason which would excuse such omission is shown.

Inasmuch as the court does not feel authorized to allow the amendment proposed, the motion to set aside the order of June 21st striking the original petition from the files is denied. The motion to be allowed to file the amended petition is submitted along with the motion to set aside said order of June 21st, and the disposition of the latter motion by a refusal thereof necessarily disposes of the former.

See, also, general order in bankruptcy No. 11, 32 C. C. A. xiv, 89 Fed. vii, on the subject of amendments.