REX BUGGY CO. et al. v. HEARICK et al.

(Circuit Court of Appeals, Eighth Circuit. August 22, 1904.)

No. 2,051.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—PREFERRING CREDITORS.

A merchant, hopelessly insolvent, who within four months prior to the filing of an involuntary petition in bankruptcy against him, and with knowledge of such condition of insolvency, pays substantial sums of money to certain of his creditors in full satisfaction of their claims, while refusing payment to others whose claims are due and equally entitled to payment, commits an act of bankruptcy by making a transfer of property with intent to prefer creditors within Bankr. Act July 1, 1898, c. 541, § 3a (2), 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422], being presumed to have intended the necessary result of his acts.

Appeal from the District Court of the United States for the District of Kansas.

This is an appeal by creditors from an order dismissing their petition and refusing to adjudge the appellees bankrupts. The acts of bankruptcy charged are that the defendants, while insolvent, transferred portions of their property to some of their creditors, with intent to prefer such creditors over others. Bankr. Act July 1, 1898, c. 541, § 3, subd. "a," cl. 2, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]. The cause was tried upon an agreed statement of facts, from which it appears without dispute that the appellees were engaged in a mercantile business; that during the four months preceding the filing of the petition they were insolvent, their debts being about $10,000 and the value of their assets never exceeding $4,000; that they knew of their insolvent condition; that during such period they paid to certain of their creditors substantial sums of money, some of them being paid in full, while they denied to others whose claims were due any payments whatever; that some of the payments were made under threats of suit, while others were made voluntarily. The statement of facts contains no denial of an intent to prefer the creditors whose demands were paid. The petition is general and indefinite in its allegations, but no attack was made upon it in the District Court, the cause having been submitted and determined upon its merits.

George E. Stoker, for appellants.
William F. Schoch and W. A. S. Bird, for appellees.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

If a merchant is hopelessly insolvent during the four months preceding the filing of a petition in involuntary bankruptcy against him, and with knowledge of such condition of insolvency pays to certain of his creditors substantial sums of money in full satisfaction of their claims, and denies payment to others whose claims are due and equally entitled to payment, he has committed an act of bankruptcy within the meaning of section 3, subd. "a," cl. 2, Bankr. Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]. His payments under such circumstances inevitably result in giving the creditors so favored a preference over the others. The debtor is presumed to intend the necessary results of his own intelligent acts. This doctrine is abundantly supported by authority (Johnson v. Wald, 93 Fed. 640, 35 C. C. A. 522; Bloch v. Farjieon, 109 Fed. 790, 48 C. C. A. 650; In re Rome Planing Mill [D. C.] 96 Fed. 812; In re Grant [D. C.] 106 Fed. 496; In re Gilbert [D. C.] 112 Fed. 951; under the similar provisions of section 35, Act March 2, 1867, c. 176, 14 Stat. 534; Toof v. Martin, 13 Wall. 40, 20 L. Ed. 481; Wager v. Hall, 16 Wall. 584, 21 L. Ed. 504; Farrin v. Crawford, Fed. Cas. No. 4,686; In re Merchants' Insurance Co., Fed. Cas. No. 9,441), and is decisive of this case.

The order of the District Court will be reversed, and the cause remanded, with directions to enter an order adjudging the appellees to be bankrupts.