---

## In re HAFF.

(Circuit Court of Appeals, Second Circuit. January 18, 1905.)

### No. 89.

1. BANKRUPTCY—ORIGINAL PETITION—AMENDMENT.

An original bankruptcy petition cannot be amended by setting out acts of bankruptcy not originally referred to, and occurring more than four months before the application for an order allowing the amendment.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 126–129.]

2. SAME—INVOLUNTARY PETITION—NUMBER OF CREDITORS—AMENDMENT.

Bankr. Act July 1, 1898, c. 541, § 59f, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], provides that creditors other than original petitioners may at any time enter their appearance and join in the petition. Section 59d (30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]) provides that if the petition avers that the creditors are less than 12, and less than 3 have joined as petitioners, and the answer avers the existence of the larger number, there shall be filed with the answer a list, under oath, of all the creditors; and general order 11 (89 Fed. vii) authorizes the court to allow amendments to the petition on application of the petitioner. *Held,* that failure of an involuntary petition filed by a single creditor to allege that the creditors were less than 12 in number did not deprive the court of jurisdiction, where 3 creditors having provable claims had united in earlier proceedings, and the bankrupt did not deny the claims of such creditors, nor file a list of all of his creditors, with their addresses, under oath.

3. SAME—CONSTRUCTION OF PETITION.

Where an involuntary bankruptcy petition was in fact an original petition, it was not deprived of its status as such by the fact that it contained a prayer of the petitioner to intervene in earlier proceedings as a cautionary measure, in order that the petitioner might be represented in the proceedings on the earlier petition for the administration and preservation of the estate.

Petition to Review Order of the District Court of the United States for the Southern District of New York.

Franklin Pierce, for petitioner.

Leo Levy, for respondent.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. February 2, 1904, Thomas Lenane filed a petition that Charles E. Haff be adjudged a bankrupt; alleging that he was a creditor of said Haff, and that the creditors were less than 12 in number, and setting forth a single act of bankruptcy, alleged to have been committed on December 3, 1903. February 13th Haff filed his answer, denying insolvency, and alleging that his creditors were 12 and more in number. February 25th two other creditors intervened in the proceedings under said original petition. March 24th Edward Ridgely, as receiver of the Equitable National Bank, filed a petition that Haff be adjudged a bankrupt, and therein prayed to be permitted to intervene in the earlier involuntary proceedings. This petition was addressed to the judges of the court; stated the representative character of the petitioner; the principal place of business of the debtor for the greater portion of the preceding six months; that he owed debts to the amount of $1,000; was insolvent; was neither a wage earner, nor chiefly engaged in farming, etc.; the amount of petitioner's claim, etc. The petition further alleged not only said act of bankruptcy set forth in the original petition, but other acts of bankruptcy alleged to have been committed "on or about the 3d day of December, 1903, and on or about the 3d day of February, 1904," and concluded with a prayer that service thereof, with subpœna, might be made on the alleged bankrupt, and that he might be adjudged a bankrupt. On said date the court ordered that said Ridgely be permitted to intervene as a petitioning creditor, and that the alleged bankrupt file an answer to said petition. April 7th, pursuant to said order, Haff filed his answer denying the alleged acts of bankruptcy, and again asserted that the number of his creditors was more than 12; having first filed a reservation of his rights to object to the sufficiency and propriety of said Ridgely petition, and of the order of the court thereon. April 12th Haff filed a petition that the allegations of new acts of bankruptcy not included in the earlier petition be stricken therefrom on the ground that they were not authorized by the bankrupt act, and that Ridgely's only relief was by joinder in the earlier petition. April 18th the attorney for Ridgely filed an affidavit stating "that, as far as appears by the record in this court, the creditors of said Haff are not in excess of twelve in number," and that the Ridgely petition, "in addition to being an intervening petition, was a petition de novo, and deponent knows of no statute nor any provision which prevents a creditor from alleging new acts of bankruptcy prior to the filing of the original petition February 2, 1904, and that the aforesaid Edward Ridgely has expressly asked that the alleged bankrupt be adjudicated a bankrupt upon the petition filed in his behalf." The affiant asked, "in behalf of said Edward Ridgely, petitioning creditor, that an order be made herein consolidating the two peti-

tions filed herein against said Charles E. Haff, and that the petition filed on February 2, 1904, be made to conform, by proper amendment and additions pursuant to general order 7 (89 Fed. v), to the petition filed in behalf of Edward Ridgely, in that there be inserted therein the acts of bankruptcy referred to in the petition of Charles E. Haff, to which this affidavit is an answer."

April 25th the court indorsed on Haff's petition the following memorandum:

"If an intervening creditor wishes to rely on additional acts of bankruptcy, I think he has a right to do so. The better practice is, perhaps, to enter an order to intervene, and then apply to amend, but I see no objection to alleging the additional acts in the petition to intervene. If a formal order to amend is preferred in this case, it will be granted, and may be deemed granted. I think, however, that the additional acts of bankruptcy must have occurred as early or before the act alleged in the original petition. The acts alleged, therefore, in paragraphs 'c' and 'e' of the intervening petition, should be disallowed."

April 30th the following order was entered:

"Ordered, that the petition filed herein on the 2d day of February, 1904, by Thomas Lenane, Theodore F. Hoffman, and Oscar J. Dennis to have Charles E. Haff adjudicated an involuntary bankrupt, be, and the same hereby is, amended so that the same shall in all things conform, nunc pro tunc, with the petition filed herein on March 25, 1904, by said Edward Ridgely, as receiver, as hereinafter modified."

The order further provided that the allegations of acts of bankruptcy in February, 1904, in the Ridgely petition, be stricken therefrom.

This petition seeks to review said order on the ground that:

"Said District Court erred in permitting an application to be made on the 18th day of April, 1904, to amend the original petition, filed as aforesaid on the 2d day of February, 1904, by inserting therein allegations of additional acts of bankruptcy occurring more than four months prior to the date of said motion to amend."

The date of the additional acts of bankruptcy inserted by amendment in the original petition was December 3d. More than four months had elapsed, therefore, before the application of April 18th for the amendment.

The general rule seems to be that an original petition cannot be amended by setting out therein acts of bankruptcy not referred to in the original petition, and occurring more than four months before the application for an order allowing the amendment. In re Crowley & Hoblitzell, 1 N. B. R. 516; In re Craft, 2 N. B. R. 111, 6 Blatchf. 177, Fed. Cas. No. 3,317; In re Leonard, 4 N. B. R. 562, Fed. Cas. No. 8,255; White v. Bradley Timber Co. (D. C.) 116 Fed. 768; Stern v. Schonfield, 22 Fed. Cas. 1310; In re Alfred Stevenson, 2 Am. Bankr. Rep. 66, 94 Fed. 110. See, also, In re Maund, 1 Law Reps. Queen's Bench Div. p. 194 (1895).

Counsel for respondent does not deny that the law is as thus stated, but he asserts that the Ridgely petition also was an original petition, and that the application to intervene was merely for the protection of his client's rights by a participation in the proceedings under the earlier petition, in so far as such proceedings might apply to the administration

and preservation of the estate. The Ridgely petition appears to have been framed as an original petition, and, as such, as already shown, it contains the general allegations of an original petition, and a prayer for subpœna. It is conceded that such an original petition might have been subsequently filed, setting up additional acts of bankruptcy within four months from its date. General order No. 11 (89 Fed. vii); White v. Bradley Timber Co., supra. General order No. 7 (89 Fed. v) contemplates independent proceedings, and provides for their disposition. In re Mammouth Pine Lumber Co. (D. C.) 109 Fed. 308.

There is, however, one defect in the Ridgely petition, considered as an original petition. It fails to allege that the creditors are less than 12 in number. Section 59b of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445], provides as follows:

"Three or more creditors who have provable claims against any person which amount in the aggregate, in excess of the value of securities held by them, if any, to five hundred dollars or over; or if all of the creditors of such persons are less than twelve in number, then one of such creditors whose claim equals such amount may file a petition to have him adjudged a bankrupt."

Under this section, Collier on Bankruptcy, at page 405, and Loveland on Bankruptcy, at page 199, state—citing In re Brown (C. C.) 111 Fed. 979—that, if only one creditor petitions, he must aver that the alleged bankrupt has less than twelve creditors in all. The case, however, does not state that such averment must be made, but that, where the claims are more than twelve, there must be three petitioning creditors.

Is said averment necessary in order to enable the court to entertain jurisdiction, or is the defect one which may be cured by amendment or subsequent proceedings? "The general rule is that, while the pleader is not bound to negative a proviso, he is bound to aver that the defendant is not within any of the exceptions contained in the enacting clause of the statute." Ledbetter v. United States, 170 U. S. 606, 611, 18 Sup. Ct. 774, 776, 42 L. Ed. 1162. It is held in Re Bellah (D. C.) 116 Fed. 69, that such a defect may be cured by amendment. General order 11 (89 Fed. vii) provides that "the court may allow amendments to the petition * * * on application of the petitioner." Section 59f, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], provides that creditors, other than original petitioners, may at any time enter their appearance and join in the petition. Section 59d, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3443], provides as follows:

"If it be averred in the petition that the creditors of the bankrupt are less than twelve in number, and less than three creditors have joined as petitioners therein, and the answer avers the existence of a larger number of creditors, there shall be filed with the answer a list under oath of all the creditors, with their addresses, and thereupon the court shall cause all such creditors to be notified of the pendency of such petition and shall delay the hearing upon such petition for a reasonable time, to the end that parties in interest shall have an opportunity to be heard; if upon such hearing it shall appear that a sufficient number have joined in such petition, or if prior to or during such hearing a sufficient number shall join therein, the case may be proceeded with, but otherwise it shall be dismissed."

We concur in the conclusion reached by Judge Bradford in Re Mackey (D. C.) 110 Fed. 355, that this clause clearly shows the intent

of Congress that insufficiency in the allegation as to the number of creditors should not be regarded as an incurable jurisdictional defect. Otherwise there would be nothing before the court in which creditors other than original petitioners could join. The provisions of section 59 ("f" and "g") authorize creditors other than the original petitioner to avail themselves of the original petition. In re Stein, 105 Fed. 749, 45 C. C. A. 29; In re Bellah, supra; In re Bedingfield (D. C.) 96 Fed. 190.

In the case at bar, however, the record itself shows that the failure to aver in the Ridgely petition that the creditors were less than twelve in number may be disregarded. Section 59d of the act, as we have seen, provides that if the petition avers that the creditors are less than twelve, and less than three have joined as petitioners, and the answer avers the existence of the larger number, there shall be filed with the answer a list, under oath, of all the creditors, etc. Here, although the bankrupt averred the existence of a larger number of creditors in his answer to the earlier petition, he annexed only a partial list, and not a list, under oath, of all his creditors, with their addresses, as provided for in said section.

The record at the date of the filing of the Ridgely petition showed that three creditors having provable claims had united in the earlier proceedings, thus making up the number necessary for a petition where the creditors were twelve or more in number, and that Haff, while denying all the other allegations of the earlier petition, did not deny that said three persons were creditors having provable claims against him. And although in the Ridgely affidavit of April 18th it was alleged "that, as far as appears by the record in this court, the creditors of said Haff are not in excess of twelve," Haff did not meet said allegation by filing a list of all his creditors, and did not raise any question of jurisdiction founded on the insufficiency of averment as to the number, or actual deficiency in number, of the petitioning creditors therein. In his prayer for relief in the petition to strike out the allegations of new acts of bankruptcy set forth in the Ridgely petition, he asserts "that the only relief which the statute points out upon such new petition is to join in the original petition and prosecute said original petition," etc. Therefore, even if a question of jurisdiction might have been originally raised herein, or might be raised under other conditions, by reason of a failure to allege in the original petition that the creditors were less than twelve in number, it appears from the record herein that there were in fact three or more creditors having provable claims against the estate; that the allegation that the creditors were less than twelve in number had not been met by the filing of a list under oath, as required by statute; and that no objection to the jurisdiction had been stated, based on any insufficiency in the number of petitioning creditors.

The fact that the Ridgely petition contained a prayer to intervene in the earlier petition, and that the Ridgely petition was thereafter treated by the court and counsel as an intervening petition, should not be permitted to deprive it of its character and status as an original petition. The prayer for intervention appears to have been inserted merely out of abundant caution on the part of Ridge-

ly's counsel, in order that he might be represented in the proceedings on the earlier petition for the administration and preservation of the estate.

The order of the District Court amending the petition of February 2, 1904, so as to conform with the petition filed on March 29, 1904, and striking therefrom subdivisions "c" and "e" of paragraph 5 thereof, is reversed, without costs, and each of said petitions· should be left to stand as original petitions. The case is remanded to the court below, with instructions to enter an order in conformity with this opinion.