In. re PURE MILK CO. OF MOBILE.

(District Court, S. D. Alabama, S. D. May 4, 1907.)

No. 459.

1. BANKRUPTCY—PETITION—ACTS OF BANKRUPTCY.
    An averment of an act of bankruptcy, that the alleged bankrupt had within four months paid money to one or more creditors, with intent to prefer such creditors over its other creditors, was insufficient.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 118.]

2. SAME—AMENDMENT.
    Leave will not be granted to amend a bankruptcy petition, when the proposed amendment introduces entirely new acts of bankruptcy.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 128.]

3. SAME.
    A bankruptcy petition, averring no specific act of bankruptcy, cannot be amended, so as to allege an act of bankruptcy committed more than four months prior to the amendment.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 128.]

4. SAME—PETITION FOR AMENDMENT—REQUISITES.
    An application to amend a bankruptcy petition must show why the act of bankruptcy proposed to be inserted by amendment was not set out in the original petition, in compliance with bankruptcy rule 11 (18 Sup. Ct. v).
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 128.]

In Bankruptcy. On motion for rehearing of application to amend petition, etc.

Jno. E. Mitchell, for petitioners.
Richard W. Stoutz, for bankrupt.

TOULMIN, District Judge. The averment in the petition that the alleged bankrupt had within four months paid money to one or more creditors, with intent to prefer such creditors over its other creditors, is insufficient as an averment of an act of bankruptcy. In re Nelson (D. C.) 98 Fed. 76, and authorities cited therein. If the petition originally filed was insufficient in averring an act of bankruptcy, then it in effect averred no act of bankruptcy. Leave to amend may be granted, but will not generally be granted when the proposed amendment would introduce into the petition entirely new acts of bankruptcy.

New acts of bankruptcy will not be permitted to be introduced into the petition after the four months' period has expired. A fortiori, where no act of bankruptcy is averred in the original petition, should an act of bankruptcy be permitted to be introduced after the four months' period has expired? Brandenburg on Bankruptcy, p. 304, § 466.

Here the petition avers no specific act of bankruptcy, and the amendment is founded upon an act which it appears was committed more than four months before the amendment is proposed to be made, which, it seems to me, is a much stronger case against the petitioner's claim than when a new act of bankruptcy is sought to be introduced.

Moreover, the application to be allowed to amend does not comply with rule 11 (18 Sup. Ct. v). No showing is made why the act of bankruptcy now proposed to be averred was not set out in the original petition. Collier on Bankruptcy, pp. 223, 224; Loveland on Bankruptcy, p. 183; White v. Bradley Timber Co. (D. C.) 116 Fed. 768.

The motion is hereby denied.