In re HARRIS.

(District Court, N. D. Alabama, S. D. July 13, 1907.)

No. 7,640.

1. BANKRUPTCY — INVOLUNTARY PROCEEDINGS — AMENDMENT OF ANSWER BY CREDITOR.

Formal amendments to an answer filed by a creditor to a petition in involuntary bankruptcy against his debtor may be made at any time before adjudication.

2. SAME—AMENDMENT OF PETITION.

A petition in involuntary bankruptcy cannot be amended to allege additional acts of bankruptcy after the time for pleading thereto has passed and the alleged bankrupt by making default has confessed the acts charged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 126–129.]

3. SAME—PROCEDURE WHEN TWO OR MORE PETITIONS ARE FILED.

Rule 7 of the general orders in bankruptcy, which provides that where two or more petitions in bankruptcy are filed against a debtor alleging separate acts of bankruptcy, and the debtor shall appear and answer such

petitions, the one which charges the earlier act of bankruptcy shall be first heard and determined, applied only where the defendant takes issue on both or all of the petitions. Where two petitions are filed alleging different acts of bankruptcy, and the defendant answers but one, which charges the earlier act, the rule has no application, and the case will proceed upon the petition which is confessed; the other remaining in abeyance.

4. SAME—ANSWER—SUFFICIENCY.

Where a petition in bankruptcy charges as an act of bankruptcy a transfer of property by the defendant, while insolvent, to a creditor in payment of his debt with intent to prefer such creditor, an answer, which in effect admits the insolvency and the act charged, but merely denies the intent, raises no issue upon which the defendant is entitled to a jury trial.

In Bankruptcy. Involuntary proceeding.

Brown & Murphy, for first petitioning creditors.

Thompson & Thompson and Blackburn & Powell, for second petitioning creditors.

Z. P. Rudolph, for W. G. Harris, bankrupt.

Sterling A. Wood, for R. H. Eggleston, receiver.

HUNDLEY, District Judge. Stated in chronological order, in so far as is necessary for the purposes of this decree, the record in this case shows the following: On the 6th day of June, 1907, one of the creditors of W. G. Harris filed a petition in due form, praying for an adjudication in involuntary bankruptcy against said Harris. Upon the filing of this petition, a receiver of the estate of said alleged bankrupt was duly appointed. On the 8th day of June, 1907, other creditors of the alleged bankrupt filed a petition praying an adjudication in bankruptcy, and averring acts of bankruptcy prior to the acts of bankruptcy as averred in the petition filed on the 6th day of June, 1907. On the 24th day of June, 1907, Jacob Epstein, trading as the Baltimore Bargain House, an alleged creditor of said W. G. Harris, filed his answer denying that said Harris had committed any act of bankruptcy, as averred in the first petition. On the 29th day of June, 1907, W. G. Harris, the alleged bankrupt, filed an answer purporting to controvert the acts of bankruptcy averred in the second petition filed by one of the creditors. Concurrent with the filing of this answer, said Harris demanded a trial by jury. On the 2d day of July, 1907, the Southern Art Glass Company, one of the creditors of the alleged bankrupt, filed a contest of the acts of bankruptcy as averred and set forth in the second petition filed by creditors.

On the hearing of this cause, the creditors filing the second petition, moved to strike out the answer and demand for a jury, filed by the alleged bankrupt; and the creditors, who filed the first petition, moved to strike from the files the answer filed by Jacob Epstein, contesting the acts of bankruptcy averred in the first petition. On the hearing of this cause, the first petitioning creditors also asked to amend their original petition by averring acts of bankruptcy prior to those averred in the second petition.

Amidst all this maze of petition and counter petition, motion and counter motion, I shall endeavor as best I can to sift the wheat from the chaff, and come direct to the vital questions presented in this case.

However worthy and commendable it may be for attorneys to use skill and energy in protecting the interests of their clients, and thus indirectly, if not directly, protecting their own interests in the matter of fees in bankruptcy cases, yet it is the duty of the court, without regard to any of these considerations, to so construe the bankruptcy law and proceedings thereunder as to best conserve the purposes for which this law was enacted.

The motion of the creditors filing the first petition, to strike from the files the answer filed by Jacob Epstein, is sustained, because said answer filed by said Jacob Epstein is not sworn to as required by law. The motion of the said Epstein to amend his answer by filing the proper affidavit thereto is allowed, and said original answer as filed by him, with amendment as to affidavit, is therefore before the court for consideration in these proceedings as if the affidavit was originally attached thereto. Amendments of this character may be made at any time before adjudication. Section 59f, Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]); In re Stein, 105 Fed. 749, 45 C. C. A. 29; In re Mackey (D. C.) 110 Fed. 356. The amendment filed by the first petitioning creditors, seeking to amend their first petition so as to aver acts of bankruptcy prior to the acts of bankruptcy averred in the second petition, is overruled. This amendment comes too late, and cannot properly and lawfully be allowed. The debtor having failed to answer or plead to the first petition, the averments therein are taken as confessed against him. To permit the amendment proposed would be, in effect, to permit the making of an entire new case, and that, too, after the time for pleading has expired.

I now come to the consideration of the really important and vital issue in this case; that is, whether that petition which was first filed shall be first heard, or whether the petition which was afterwards filed, on the 8th day of June, alleging acts of bankruptcy prior to those alleged in the first petition, shall first be heard and tried. It is contended by counsel for the second petition that this petition should be heard, first, because, under and by virtue of rule 7 of the general orders in bankruptcy, that petition which avers prior acts of bankruptcy must have priority of consideration. The proper decision of this question requires me to construe the purport, meaning, and intention of said rule 7 of the general orders in bankruptcy. It is true that, where two or more petitions are filed by creditors against a common debtor, alleging separate acts of bankruptcy, this rule does provide for the hearing and determination of that petition which avers the earlier act of bankruptcy; but this is not a general right conferred under that rule in all cases where two or more petitions are filed, but the right of priority can only be secured by the happening of certain contingencies set forth in the rule. The rule must be strictly construed. What the rule intends, and what right, if any, the rule actually confers, must be gathered from the four corners of the rule itself.

Now, in the first place, how is this rule called into action? How can the rights thereunder prescribed be obtained, and by whom? Can that rule be called into action by the alleged bankrupt alone, or by the creditors of the bankrupt alone? I submit that a careful reading of the rule itself is only necessary for the determination of this question, and

that it clearly appears that the rule can be put in motion only by an act of the creditors and debtor jointly.

The mere filing of two or more petitions, one of which avers a prior act of bankruptcy, cannot put in action the enforcement of this rule. By reference to the rule, it will be seen that there are two things absolutely necessary to bring this rule in force: First, two or more petitions must be filed by creditors against a common debtor, alleging separate acts of bankruptcy committed by said debtor; and, second, "the debtor shall appear and show cause against an adjudication in bankruptcy against him on the petitions." Rule 7, Collier on Bankruptcy (6th Ed.) p. 638.

It will be noted that the plural is used, and reference is made to petitions, and not to a petition or any one of these two or more petitions. There being two petitions only in this case, to bring in action this rule, it was necessary for the debtor to answer both of these petitions. Had there been three petitions, it would have been equally necessary for the debtor to have answered all three of the petitions. In fine, if the debtor does not appear and show cause on all of the petitions, the cause proceeds as it would in the ordinary course of legal procedure, without regard to the rule. It follows, therefore, that the answer of the debtor and his demand for a jury must be stricken from the files: First, because the answer does not controvert the allegations of both petitions; and, second, because of the grounds averred in the motion of the creditors filing the second petition, to wit, that the said answer of the bankrupt is insufficient, in that it does not controvert the allegations of bankruptcy alleged in the second petition.

It is true that the debtor denies that he committed any act of bankruptcy as alleged in said petition, and, if this were all, it would be treated as a sufficient answer or denial of bankruptcy, but the debtor goes further, and endeavors to set out such facts upon which this denial is predicated, and those facts, when construed, construing the pleading more strongly against the pleader, in reality admit the insolvency of the debtor, and also admit the acts of bankruptcy averred in the second petition, but seeks to avoid them by stating that they were done without "any intention of preferring his creditors." To permit a debtor to bring in issue before a jury the intention alone, with which the debtor, while insolvent, permits any creditor to have a preference, would be to permit him to present an issue not warranted by the bankrupt law. Where an insolvent debtor transfers to one of his creditors personal property sufficient in value to satisfy the debt in full, his "intent to prefer such creditor over his other creditors," necessary to make such transfer an act of bankruptcy, will be presumed; the preference being the natural result of the transfer. Johnson v. Wald et al., 93 Fed. 640, 35 C. C. A. 522; Rex Buggy Co. et al. v. Hearick et al., 132 Fed. 310, 65 C. C. A. 676, and numerous other cases there cited.

It is contended by the debtor that he should be permitted to contest any one of the petitions alleging acts of bankruptcy that he may desire, and this contention is urged, in that he does not desire to be adjudicated a bankrupt upon any untrue averment. The debtor has a right to bring in issue such a question as this, but not in this manner, for he has confessed the acts of bankruptcy averred in the first petition.

If he is adjudicated a bankrupt upon a petition stating acts of bankruptcy of which he was not guilty, he would still have his day in court after adjudication, by taking action to cause such adjudication to be annulled or vacated. This right is provided for and conserved under rule 7.

It must not be forgotten that it is the creditors who filed the second petition, who have filed the motion to strike from the files the answer of the debtor, Harris, and his demand for a jury. With the answer of the debtor and demand for a jury stricken from the files, we have left only the two petitions and the contest thereof, filed by the creditors Epstein and the Southern Art Glass Company. With the contest by the debtor out of the way, rule 7 has no application whatever in these proceedings, and hence it follows that the two petitions filed by the creditors must be considered in the order of their filing.

It is therefore ordered, adjudged, and decreed that the first petition filed by the creditors on the 6th day of June, 1907, and the answer thereto filed by Jacob Epstein, one of the creditors, be, and the same are hereby, referred to the referee in bankruptcy at Birmingham, to wit, Alex C Birch, with instructions to give notice and set a day to take testimony on the issues raised by the said first petition and the creditor's answer thereto. It is further ordered, adjudged, and decreed that the said Alex C. Birch report the evidence to the judge of this court at Huntsville, on or before the 25th day of July, 1907, that on such evidence adjudication be made or not as the same may warrant. All proceedings and questions in relation to the second petition, and the answer thereto, are held in abeyance until the final hearing on the first petition.