### In re LEWIS SHOE CO.

(District Court, D. Massachusetts. October 27, 1908.)

#### No. 13534.

1. BANKRUPTCY ⊂⇒84—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.
   Permission will not be given to amend a petition in involuntary bankruptcy several years after it was filed by alleging as an additional act of bankruptcy a preferential transfer of property, where it is not alleged what the property was or when or to whom it was transferred.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ⊂⇒84.]

2. BANKRUPTCY ⊂⇒84—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.
   A petition in involuntary bankruptcy cannot be amended by alleging a preferential transfer of property more than four months before the application to amend was made, although less than four months before the filing of the petition.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ⊂⇒84.]

In the matter of Lewis Shoe Company, alleged bankrupt. On motion to amend petition. Denied.

Edward C. Clark, of Boston, Mass., for petitioning creditor.
Allen & Barnes, of Boston, Mass., for alleged bankrupt.

DODGE, District Judge. This involuntary petition against Lewis Shoe Company was filed March 25, 1908, by three alleged creditors. The only act of bankruptcy alleged was the making of a general assignment to George L. Barnes of Weymouth. An answer to the petition was filed, and the case is before the referee for ascertainment of the facts and report, under an order made April 27, 1908.

The present application is for leave to amend the petition by adding to it allegations of still other acts of bankruptcy.

[1] The first allegation which it is desired to add is that within four months preceding the filing of the petition the alleged bankrupt conveyed, transferred, concealed, or removed "a portion of its property" with intent to hinder, delay, and defraud creditors, or permitted this to be done. What property was then dealt with, and when, or to whom it was tranferred, if to any one, is not alleged. It is stated that a more particular description of the property, and of the time of the alleged act, are "unknown to your petitioners."

A former petition to amend, which sought to add to the original petition a similarly unspecific and indefinite allegation of a preferential transfer, was denied May 4, 1908. The same disposition must be made of the present request. If the petitioners, after their original petition, containing no such allegation, has been on file for some weeks, are unable to state when the transfer they now desire to rely on was made, or to whom, or what the property was, the inference is strong that they are proceeding upon conjecture or suspicion alone. No reasons for a belief that what they allege is true are set forth, nor any reasons for the fact that they are unable to be specific in their allegations if what they allege is true. The alleged bankrupt ought not to be compelled to meet allegations made upon the mere anticipation that something of the kind may perhaps be disclosed in the course of the hearing now ordered before the referee. The reference was not for the purpose of finding out whether some act of bankruptcy may not have been committed, but to give the petitioning creditors the opportunity to prove, if they can, that a certain definite act of bankruptcy has been committed.

It is true that petitions charging acts of bankruptcy in terms no more specific and definite than these are sometimes filed, and, if no objection is raised, are sometimes acted upon by the court. Against objection, however, the bankrupt cannot be required to answer such allegations. In re Cliffe (D. C.) 94 Fed. 354; In re Nelson (D. C.) 98 Fed. 76; In re Pure Milk Co. (D. C.) 154 Fed. 682. Their introduction into these proceedings at the present stage cannot be permitted.

[2] The second allegation sought to be added to the petition is that $50 was preferentially transferred by the bankrupt to William M. Staples of Weymouth on February 28, 1908. This is specific enough, and the allegation might be allowed as an amendment but for the fact that February 28, 1908, is more than four months before the application to set it up in these proceedings is made, though less than four months before the filing of the original petition. Under these circumstances, the amendment cannot be allowed. In re Haff, 136 Fed. 78, 80, 68 C. C. A. 646, and the authorities there cited; In re Pure Milk Company (D. C.) 154 Fed. 682.

The petition to amend is denied.