**In the Matter of JERCYN DRESS SHOP,
a partnership, Bankrupt.
No. 72 B 1151.**

United States District Court,
E. D. New York.
Aug. 14, 1974.

**1120**

Robert P. Herzog, New York City, for petitioning creditors-appellants.

Hauptman & Hauptman, Brooklyn, by Nathan B. Fogelson, New York City, for alleged bankrupts-appellees.

## MEMORANDUM OF DECISION

NEAHER, District Judge.

■ This petition to review an order of the bankruptcy judge presents but a single question of law: When partners of a partnership make and sign a general assignment for the benefit of creditors of the partnership assets only, such that the partnership is found to have committed an act of bankruptcy, has each of the assigning partners thereby also committed an individual act of bankruptcy? The court's conclusion, for the reasons set forth below, is that such an assignment is not automatically or necessarily an individual act of bankruptcy by the co-assignors.

1. While the copy of the agreement before the court is unsigned, it was agreed at the hearing below that the original on file in the County Clerk's office was made and signed by both partners. Transcript of Motion Hearing, January 30, 1973, at pp. 3–4.

2. Involuntary Petition of Creditors Leslie Fay Sales, a Division of Leslie Fay, Inc.; Falchick Dress Co., Inc.; and Campus Juniors, Inc.

The petition was grounded solely in § 3(a)(4) of the Bankruptcy Act, 11 U.S.C. § 21(a)(4):

The facts may be briefly summarized. On October 19, 1972, Jack A. and Eva Scherer executed and signed, as co-partners of Jercyn Dress Shop ("Jercyn"), a general assignment for the benefit of creditors which assigned the partnership assets only to Bernard Sands as assignee for Jercyn's creditors.[1] On November 15, 1973, three of those creditors filed an involuntary petition in bankruptcy against Jercyn and against "JACK A. SCHERER and EVA SCHERER, as general partners, jointly."[2] Thereafter Jercyn consented to its adjudication, but the Scherers moved for dismissal of the petition as against them individually and as general partners. The bankruptcy judge, resolving the question presented here in the negative, granted the motion in an opinion dated April 5, 1973, and the matter is before the court solely on the question of law presented.

The judge's opinion deals at length with what the court views as the applicable law. The earliest case of relevance is In re Meyer, 98 F. 976 (2 Cir. 1899), aff'g Chemical Nat. Bank v. Meyer, 92 F. 896 (E.D.N.Y.). In that case a general assignment of partnership property was executed by one of two surviving partners, Meyer. The district court concluded, inter alia, that Meyer had thereby committed an act of bankruptcy individually, 92 F. at 901, and the Second Circuit agreed. 98 F. at 980. The case was decided under the then-recent Bankruptcy Act of 1898, and, as later interpreted, Meyer recognized that under § 5(a) of the Bankruptcy Act, 11 U.S.C. § 23(a):

"a partnership may be adjudged a bankrupt as a separate entity, under a

"(a) Acts of bankruptcy by a person shall consist of his having . . . (4) made a general assignment for the benefit of his creditors . . ."

Appellees do not appear to renew here their contention raised below that the petition fails to allege that an act of bankruptcy was committed by the individual alleged bankrupts in their individual capacity. The court will assume for purposes of this appeal that the petition is not deficient in this technical requirement.

voluntary or involuntary petition, irrespective of any adjudication of bankruptcy against the individual partners." Liberty National Bank v. Bear, 276 U.S. 215, 222, 48 S.Ct. 252, 72 L.Ed. 536 (1928) (citing *Meyer*).[3]

The same result was later obtained in In re Grant, 106 F. 496 (S.D.N.Y.1901), where a general assignment for the benefit of creditors was executed by two of the three partners, and each was thereby found to have committed an act of bankruptcy. 106 F. at 497. In Green River Deposit Bank v. Craig, 110 F. 137 (W. D.Ky.1901), an assignment was made, by the two partners of a partnership, of both partnership and individual property. In finding acts of bankruptcy committed by both the partnership and the individual partners, the court, citing *Meyer* and *Grant* stated:

> The proper rule seems to be that, where both the partnership and each of the individuals who compose it make the assignment, the act of bankruptcy is committed by all of them. The adjudication should therefore embrace both the firm and the individual members. 110 F. at 140.

■ Subsequently, the Supreme Court in *Liberty* made it clear that § 5(a) of the Bankruptcy Act permitted a partnership to be adjudged a bankrupt alone, it not being *"essential* to such an adjudication that the partners should also be adjudged bankrupt individually." 276 U.S. at 224–225, 48 S.Ct. at 255 (emphasis added). However, if joint adjudication of partnership and partner is not essential, it does not follow that it is somehow impermissible. In fact, the Court's own citation to such joint adjudication belies that contention, *id.* at 222–223, 48 S.Ct. 252, and the present statute, see note 3 *supra,* plainly contemplates joint adjudication.

■■ *Liberty* also makes clear that the acts of partners may be judged on an individual basis, apart from an involuntary petition which seeks not an adjudication against them as individuals, but only one against the partnership, and that a partner does not necessarily commit an individual act of bankruptcy when the partnership does. 276 U.S. at 223, 48 S.Ct. 252. *Liberty* thus ensured that the metamorphosis of the common law concept of partnership in the bankruptcy law was complete. *Meyer* went halfway by recognizing, only a year after major changes in the law by the Bankruptcy Act of 1898, that it was not necessary to adjudicate all or any of the partners to adjudicate the partnership. *Liberty* completes the circle by distinguishing between individual and partnership acts by a partner. While logically, as the *Meyer* case notes, a partner's act concerning *partnership* property ultimately affects his *individual* assets, 92 F. at 900, after *Liberty*, such an act, without more, must be viewed as only a *partnership* act, not an *individual* act. Any suggestion to the contrary by *Meyer* is highly questionable in view of the distinction drawn between them in *Liberty.* Thus, even though the Court in *Liberty* did not rule on the exact question presented here,[4] we agree with one noted authority that

> "[t]here can be no serious question but that, to throw an individual partner into bankruptcy, as contrasted with accomplishing this result as to

---

3. Section 5 now provides, where pertinent:
   "(a) A partnership . . . during the continuation of the partnership business or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt either separately or jointly with one or more or all of its general partners.
   "(b) . . . A petition may be filed separately against a partnership or jointly against a partnership and one or more or all of its general partners."

4. The actual holding in *Liberty* was that an involuntary petition which did not in terms seek an adjudication that the partners
   > were bankrupt as individuals, nor allege that as individuals they were insolvent or had committed any acts of bankruptcy, was not in legal effect a petition filed against them individually, and the adjudication under that petition that the partnership was a bankrupt, was not in legal effect an adjudication that they were bankrupts individually. 276 U.S. at 226, 48 S.Ct. at 255.

# 1122

the firm, a partnership act of bankruptcy will not suffice; the act must be his individual act as well or he must have committed some other individual act of bankruptcy." 1 H. Remington on Bankruptcy § 86 at 154 (1950) (footnote omitted).

In this case, the bankruptcy judge properly stressed the fact that the assignment was made by the partnership *as an entity* and not by the Scherers *as individuals.*[5] Moreover, only partnership property was affected. There is no suggestion of a general assignment by an individual partner of his own assets, an individual act of bankruptcy for which joint adjudication with the present partnership act of bankruptcy would be contemplated.

Accordingly, there appearing to be no error of law in the bankruptcy judge's order granting the motion to dismiss the involuntary petition as to the individuals Jack A. Scherer and Eva Scherer, it must be, and hereby is, affirmed.

So ordered.

5. Although this distinction is not sharply drawn in the involuntary petition, see note 2 and accompanying text, *supra*, an examination of the assignment itself reveals that it plainly assigns partnership assets only, and is signed by the co-partners acting in a representative capacity for the partnership.