## In re HAFF.

(Circuit Court of Appeals, Second Circuit. January 4, 1905.)

No. 90.

**1. BANKRUPTCY—RECEIVERS—APPOINTMENT BEFORE ADJUDICATION—BONDS.**

Bankr. Act July 1, 1898, c. 541, § 3, subd. e, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], provides that whenever a petition is filed to have another adjudged a bankrupt, and an application is made to take charge of and hold his property prior to the adjudication, the petitioner shall file a bond for the payment, in case the petition is dismissed, to the respondent of all costs, expenses, and damages occasioned by the seizure; and section 69 (30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) declares that a judge, on satisfactory proof that the bankrupt against whom an involuntary petition has been filed and is pending has committed an act of bankruptcy, etc., may issue a warrant for the seizure of his property by the marshal, but that before such warrant is issued the petitioner shall give bond, conditioned to indemnify the bankrupt for such damages as he shall sustain in the event the seizure shall prove to have been wrongfully obtained. *Held,* that where an order appointing a receiver for an alleged bankrupt before adjudication required the petitioner to give a bond, but failed to fix the time when the bond should be filed, and did not require such filing before the receiver was directed to take possession of the property, it was erroneous.

**2. SAME—VACATION.**

Where an alleged bankrupt applied to vacate an order appointing a receiver of his property before adjudication, on the ground that the petitioner had not filed the bond required by Bankr. Act July 1, 1898, c. 541, §§ 3 (e), 69, 30 Stat. 547, 565 [U. S. Comp. St. 1901, pp. 3423, 3450], the fact that at the time the motion to vacate was filed another creditor had filed a petition for an adjudication against the bankrupt, and had applied for a receiver and filed a bond conditioned that if his petition were dismissed he would pay expenses and damages occasioned by the seizure and detention of the bankrupt's property thereunder, did not authorize the denial of the motion to vacate such order.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York.

Martin Conboy, for petitioner.

Leo Levy, for respondent.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

WALLACE, Circuit Judge. This is a petition by the alleged bankrupt in review of an order of the District Court in bankruptcy refusing to vacate the appointment of a receiver of his property. February 2, 1904, one Linane, a creditor of Haff, filed a petition that Haff be adjudged a bankrupt, and at the same time made an ex parte application to the court for the appointment of a receiver of his property; and thereupon the court appointed one McKeen such receiver, and ordered Haff and all other persons having property of his under their control forthwith to turn it over to the receiver upon the filing by the receiver of a bond approved by the court for the faithful discharge of his duties. The order contained this further provision: "It is further ordered that the petitioning creditor herein file a bond in the sum of one thousand dollars under

section 3e of the bankruptcy act" (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]). The receiver thus appointed, without waiting for the filing of the bond by the petitioning creditor, took possession of the property of Haff. April 30th, no bond in the meantime having been filed by Linane, Haff moved the court to vacate the appointment of McKeen as receiver. It is the order denying this motion which Haff seeks to review.

Section 3, subd. e, Bankr. Act, provides as follows:

"Whenever a petition is filed by any person for the purpose of having another adjudged a bankrupt, and an application is made to take charge of and hold the property of the alleged bankrupt, or any part of the same, prior to the adjudication and pending a hearing on the petition, the petitioner or applicant shall file in the same court a bond * * * in such sum as the court shall direct, conditioned for the payment, in case such petition is dismissed, to the respondent, his or her personal representatives, all costs, expenses and damages occasioned by such seizure, taking and detention of the property of the alleged bankrupt."

Section 69, Bankr. Act (30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), is as follows:

"A judge may, upon satisfactory proof, by affidavit, that bankrupt against whom an involuntary petition has been filed and is pending, * * * issue a warrant to the marshal to seize and hold it subject to further orders. Before such warrant is issued the petitioners applying therefor shall enter into a bond in such an amount as the judge shall fix, with such sureties as he shall approve, conditioned to indemnify such bankrupt for such damages as he shall sustain in the event such seizure shall prove to have been wrongfully obtained."

It is the obvious purpose of these two sections to require indemnity to be given to an alleged bankrupt before his property shall be seized or taken from his possession in behalf of the petitioning creditor or creditors before there has been an adjudication of bankruptcy. Without such indemnity a person not a bankrupt, or who has committed no act of bankruptcy, would not be adequately protected. Upon a dismissal of the petition for his adjudication he could in an extreme case probably maintain an action for malicious prosecution, and recover in such action incidentally such damages as he may have sustained by the loss of the use of his property pending its restitution to him by the receiver or marshal. It would also be open to him to apply to the court and obtain an order directing a restitution of the property to him. It is the purpose of the two provisions to spare him the expense and trouble of seeking either of these remedies, by requiring the party or parties who seek to dispossess him of his property in advance of an adjudication to furnish him with a security adequate for his complete protection. The two sections are cognate, and evidence clearly the meaning of Congress to protect the alleged bankrupt from expense or injury in consequence of the seizure of his property when it may subsequently appear that the proceedings against him were unwarranted, and in this behalf require that security be given by the adverse party at the time when an order is made appointing a receiver or a warrant is issued to the marshal The spirit of the requirement, and probably its substance, would be satisfied if the order appoint-

ing a receiver should in terms provide that he should not take custody of the property until the filing and approval of the bond.

The order under review fixed no time within which the bond should be filed, and did not require it to be filed before the receiver should take possession of the property. Because of its failure to make provision in either of these particulars we think it was erroneous.

The denial of the motion to vacate this receivership seems to have been influenced by the circumstance that at the time the motion was made another creditor had filed a petition to have Haff adjudicated a bankrupt, and then applied to have a receiver of his property appointed, and had filed a bond upon that application which had been approved by the court. The condition of that bond was that in the event of the petition of that creditor being dismissed he would pay to Haff or his legal representatives all costs, expenses, and damages occasioned by the seizure, taking, and detention of the property. That bond could not afford any security to Haff for the previous seizure and detention of his property by the receiver McKeen.

We conclude that the order appointing McKeen as receiver should have been vacated by the court below upon the application of Haff.

The order refusing this relief is reversed, with costs of this review to be paid by the petitioning creditor.