## T. E. Hill Company for use of William A. Bither (Assignee), Appellee, v. The United States Fidelity and Guaranty Company, Appellant.

### Gen. No. 18,026.

1. BANKRUPTCY, § 47*—*effect of filing of appeal bond as a supersedeas.* A proceeding for the appointment of a receiver under section 3e of the Bankruptcy Act is separate and distinct from a proceeding to adjudicate; so that where an appeal is taken from an order dismissing the petition, the filing of an appeal bond does not operate as a *supersedeas* so as to prolong the receivership but operates to supersede only the order of dismissal.

2. BANKRUPTCY, § 48*—*damages recoverable in action on appeal bond.* In an action against a surety on an appeal bond given under section 25 of the Bankruptcy Act on the taking of an appeal from an order dismissing a petition to have plaintiff adjudicated a bankrupt, *held* error for the court to assess damages based upon proof of the detention of the property by the receiver after the appeal bond was filed and *held* error for the court to assess other than nominal damages, there being no competent proof of damages and no proof even of the costs incurred in the proceeding for adjudication.

3. APPEAL AND ERROR, § 1810*—*when Appellate Court may reverse and enter final judgment.* In a case in which the jury was

waived, the Appellate Court may not only reverse but may also render final judgment if the law as applied to the facts found by that court necessitates such a judgment, and if it can be ascertained from the facts so found what judgment ought to have been rendered by the court below.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1911.   Reversed.   Opinion filed January 13, 1914.

JOHN A. BLOOMINGSTON, for appellant.

BUELL & ABBEY and FRED W. BENTLEY, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an action of debt brought against appellant as surety on an appeal bond.   The plea was *nil debet*, but the breach of the bond was not questioned at the trial, the controversy being over the extent of liability.   The court found the damages exceeded ten thousand dollars, and assessed them at five thousand dollars, the full amount of the penalty.

The bond was given under section 25 of the Bankruptcy Act on appeal from an order dismissing a petition to have appellee adjudicated a bankrupt.

The petition was filed by three creditors, and on the same day a receiver was appointed on the application of one of them who gave a bond as required under section 3e of said act.   Appellant was surety on the latter bond also, on which judgment had been previously rendered and affirmed.   *T. E. Hill Co. v. U. S. Fidelity & Guaranty Co.,* 250 Ill. 242.   The measure of damages relied on was the rental value of the property while held by the receiver after the filing of the appeal bond.

In the time allowed for filing the latter, one Bither was appointed assignee of appellee under the State voluntary assignment act, and moved for a rule on

530     Appellate Courts of Illinois.

T. E. Hill Co. v. The U. S. F. and G. Co., 184 Ill. App. 528.

the receiver to turn over to him the property so held. The motion was resisted by an attorney who, the record shows, had in the different proceedings appeared not only for the receiver and the creditor who applied for his appointment, but for the creditors who filed the petition for adjudication. The motion was not acted on until after the appeal was perfected when it was denied "without prejudice to a renewal of the same in the event said appeal shall not be prosecuted with effect."

Under such circumstances appellee contends that the bond in question operated as a *supersedeas* and to prolong the receivership, and calls attention to the provision in section 25, that appeals may be taken in bankruptcy proceedings as in equity cases, and cites certain cases in equity deemed analogous to the one at bar. On the other hand, appellant refers to the fact that the bond and condition thereof are the same in form and language as in bankruptcy appeals where no receiver is appointed, and contends that there is no liability under the bond except for costs of the proceeding to adjudicate.

As we view it, the bond must be construed with reference to the fact that the proceeding for the appointment of a receiver under section 3e of the Bankruptcy Act is separate and distinct from proceedings to adjudicate. *In re Kelly*, 91 Fed. 507; *In re Ogles*, 93 Fed. 426. In the *Kelly* case it was said that the implication of the statute is that it is altogether a separate procedure, and that "the seizure of property is a subsequent and independent proceeding, which is not necessarily a part of the proceedings in bankruptcy." Before a petition is dismissed or a trustee qualifies, any party in interest may apply for the appointment of a receiver (section 2, par. 3, Bankruptcy Act), and it is a principle of general application that those responsible for an appointment wrongfully made are liable for the expenses incurred thereby (*Beach v. Macon Grocery Co.*, 60 C. C. A. 557, 125 Fed. 513; *In re La*

*Cov.,* 74 C. C. A. 130, 142 Fed. 960), and costs and expenses incurred under one of these proceedings are not taxable under the other (*In re Ghiglione,* 93 Fed. 187; *In re Williams,* 120 Fed. 37; *In re J. A. Smith,* 16 Am. Bankr. Rep. 478; *Selkregg v. Hamilton Bros.,* 16 Am. Bankr. Rep. 474, 144 Fed. 557; *In re Moehs,* 174 Fed. 165).

It is true that on dismissal of the petition the purpose of the receivership ceased. But while the appeal bond in question operated to supersede the order of dismissal of the petition it did not *ipso facto* discharge the receiver. Beach on Receivers, par. 799; *Whiteside v. Prendergast,* 2 Barb. Ch. (N. Y.) 471; *Crook v. Findley,* 60 How. Pr. (N. Y.) 375; *Baughman v. Superior Court,* 72 Cal. 572.

Presumably when the court fixed the amount of the bond given at the time of the appointment of the receiver it took into consideration the statutory right of appeal from an order of dismissal and deemed the amount adequate to that end.

In construing the language of said section 3e, it was said in *In re Spaulding,* 150 Fed. 150: "The fact that the second paragraph provides that all costs, etc., shall be allowed is based upon the assumption that a bond will be taken large enough to cover all costs." And again in *In re Haff,* 68 C. C. A. 380, 135 Fed. 743, referring to the provisions of said section, the court said that it was their purpose to furnish the bankrupt with a security adequate for his complete protection.

Two of the creditors on the bond in question were not parties to the proceeding for the appointment of the receiver. But had the court deemed it desirable to make them parties thereto it could, no doubt, have required a new or additional bond as a condition precedent to the continuance of the receivership. But they did not become parties thereto merely by exercising their right to appeal from an order in a different and independent proceeding. A discharge of the receiver was not superseded by the appeal bond, nor did

the prolongation of the receivership follow as a legal consequence of the appeal. In view, therefore, of the court's power over the receiver regardless of the appeal, of the independent character of the two proceedings, and of the express provisions in section 3e for indemnity for wrongful detention of property by a receiver, we do not think the appeal bond operated to supersede anything except the order of dismissal, or that the two bonds can be deemed cumulative securities. Hence the court erred in assessing damages based upon proof of the detention of the property by the receiver, and the assignment of error in admitting such evidence as a basis of the damage is well taken.

The court refused to find, as requested, that there could be no recovery for an alleged breach of the bond except for nominal damages. In the absence of competent proof of damages, there being none even of the costs incurred in the proceeding for adjudication, the court's refusal was error. We do not concur in appellant's contention that the pleadings would not support a judgment, but hold that judgment should be entered here on a finding different from the trial court as to the damages.

In this case the jury was waived. It was said in *Osgood v. Skinner,* 186 Ill. 495, that "such waiver also extends to the review of the judgment in the Appellate Court, so as to enable the Appellate Court to decide the issue of fact and enter final judgment." Several cases are there cited where on waiver of a jury the Appellate Court, on reversal, assessed the damages and entered judgment. Among them was the case of *Manistee Lumber Co.* v. *Union Nat. Bank of Chicago,* 143 Ill. 490, where the Court said that "the Appellate Court may not only reverse, but may also render judgment for the plaintiff, if the law, as applied to the facts found by that court, necessitates such a judgment, and if it can be ascertained from the facts so found what judgment ought to have been rendered by the court below."

There being no proper proof of damages in the record but the breach of the bond being shown, the court should have assessed merely nominal damages. We shall, therefore, reverse the judgment and make a different finding here as to the amount of damages, assessing them at one cent, and requiring appellee to pay the costs of this appeal.

*Reversed.*