### In re FORBES.

(District Court, D. Massachusetts. August 16, 1916.)

No. 19617.

BANKRUPTCY ☞84—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.

It is doubtful whether a court of bankruptcy has power to allow the amendment of an involuntary petition alleging new acts of bankruptcy more than four months after such acts were committed. If the power exists, it should not be exercised, except on a showing of due diligence on the part of the creditor and that the interests of justice require such action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ☞84.]

In Bankruptcy. In the matter of Elon E. Forbes, alleged bankrupt. On motion to amend petition. Denied.

Fred L. Norton, of Boston, Mass., for creditors.

Thomas B. Hughes, of Boston, Mass., for alleged bankrupt.

MORTON, District Judge. The petition was filed on June 14, 1913. The only acts of bankruptcy therein alleged were two preferential transfers on or about February 15, 1913; the first being to E. L. Guiger of property to the value of $600, and the second to the American Radiator Company of property also to the value of $600. On May 26, 1914, one of the petitioning creditors moved to amend the petition by adding four other preferential transfers, made to different parties from those named in the original petition, the latest of which is alleged to have taken place on or about March 1, 1913; i. e., almost 15 months prior to the application to amend. The creditor

alleges that it was ignorant of these transfers at the time when the petition was filed; but it does not allege any deception or fraudulent concealment by the alleged bankrupt.

It has been expressly decided in this district that the court has no power to allow an amendment to a petition setting up a new, separate, and independent act of bankruptcy which occurred more than 4 months before the application to insert it in the petition. In re Lewis Shoe Company (D. C. Mass., No. 13534) 235 Fed. 1017, opinion of Dodge, J., October 27, 1908. See, too, Re Haff, 136 Fed. 78, 80, 68 C. C. A. 646 (C. C. A. 2d Circuit). In neither of these cases, apparently, was the attention of the Court called to In re Shoesmith, 135 Fed. 684, 68 C. C. A. 322, in which a decision contrary to that in the Haff Case was reached by the Court of Appeals for the Seventh Circuit, nor to the case of International Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866, on which the Shoesmith decision was rested.

Even if the court has power to allow amendments of this character, it certainly ought not to do so, except upon a showing that the petitioner was duly diligent and that the interests of justice require such action. In re Crowley & Hoblitzell, 1 N. B. R. 516, Fed. Cas. No. 11,644; In re Lenoard, Fed. Cas. No. 8,255. While there were in this case some unusual circumstances, it cannot be held, in view of the long delay, that the petitioners have established due diligence on their part in presenting the application to amend.

The petition to amend must therefore be denied.