### In re MOROSCO HOLDING CO., Inc.

(District Court, S. D. New York. February 4, 1924.)

1. **Bankruptcy** ⊜60—Appointment of receiver not act of bankruptcy.

    The appointment of a receiver in equity on the application of some one other than the debtor itself, the application not being based on insolvency, is not an act of bankruptcy.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2.** Bankruptcy ⚖=78—Right of receiver in equity to join in motion to dismiss involuntary petition.

Where receiver was appointed in equity on the application of some one other than the debtor itself and application was not based on insolvency, it was not only the right of the receiver to join in a motion to dismiss a subsequent involuntary bankruptcy petition, but it was his duty.

**3.** Bankruptcy ⚖=81(4)—Essential facts constituting acts of bankruptcy must appear affirmatively.

The essential facts constituting the acts of bankruptcy must appear affirmatively and distinctly in an involuntary petition, and the allegations with respect to the particular acts relied on must be set forth in the petition, and the mere quotation of words of the statute is insufficient.

**4.** Bankruptcy ⚖=92—Motion to dismiss entertained.

A court of bankruptcy is a court of equity, and a motion made in good faith to dismiss involuntary petition, vitally affecting the merits, will be entertained by the court, particularly when made with diligence.

**5.** Bankruptcy ⚖=84—Permission to amend involuntary petition denied.

Where involuntary petition was based in part on allegations which the record in an equity case disclosed, not only to be untrue, but the very reverse of the fact, and the other allegations of acts of bankruptcy were wholly insufficient, and an equity receiver was conducting the alleged bankrupt's affairs in a satisfactory manner, *held*, that petitioner should not be permitted to amend the petition to cure it.

**6.** Bankruptcy ⚖=92—Bankrupt held not to have waived right to move for dismissal of involuntary petition.

Alleged bankrupt, who answered involuntary petition, *held* not to have waived its right to move for dismissal of the petition as false in part on the record, and defective otherwise.

**7.** Bankruptcy ⚖=84—Amendment to involuntary petition must specify act of bankruptcy committed within four months.

An amendment to an insufficient involuntary petition in bankruptcy, to avail petitioners, would of necessity have to specify an act of bankruptcy committed within four months from the date of the amendment.

**8.** Bankruptcy ⚖=84—Proper for court to take into account unwisdom of bankruptcy proceeding in passing on application for leave to amend.

It is proper for the court to take into account the unwisdom of involuntary bankruptcy proceedings in passing on an application for leave to amend the petition, and the court in such case may refuse amendment, where ordinarily it might have permitted such amendment.

In Bankruptcy. In the matter of the estate of the Morosco Holding Company, Inc., alleged bankrupt. On motion to dismiss involuntary petition. Motion granted.

F. Wright Moxley, of New York City, for alleged bankrupt.

David W. Kahn, of New York City, for petitioning creditors.

WINSLOW, District Judge. This is a motion made by the alleged bankrupt, the Morosco Holding Company, Inc., and John M. Riehle, receiver in equity of the Morosco Holding Company, Inc., to dismiss the involuntary petition in bankruptcy herein filed in this court on or about November 13, 1923, on the ground that (1) the said petition in bankruptcy is false in fact; and (2) insufficient on the face thereof.

On or about July 23, 1923, 4 months, lacking 10 days, before the filing of the bankruptcy petition, an action in equity was begun by one Hatch against the Morosco Holding Company, Inc., to conserve and protect the assets of the defendant corporation, and to determine the va-

⚖=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rious liens and claims, and to adjudicate the rights and interests of the various parties, etc. The prayer for relief asked that a temporary receiver, with the usual powers, be appointed pending the action. The complaint alleged solvency. The defendant corporation appeared, and by answer admitted the allegations of the complaint and joined in the prayer for relief. Whereupon, on July 23, 1923, this court appointed John M. Riehle receiver in equity, with the usual duties and powers. The receiver duly qualified and entered upon the discharge of his duties, and ever since said time has been conducting successfully and with ability the business of said corporation, which business consists of the operating of theaters and motion picture exhibitions.

The petition in bankruptcy was filed herein on or about November 13, 1923, by three alleged creditors, Edward Margolies, Lydia Corning, and Abraham Bernstein. Edward Margolies claims to be a creditor in the sum of upwards of $124,000, the major portion of said claim being for alleged loss incurred by reason of breach of contract to construct a theatre and alleged loss of profits, and, in addition thereto, work, labor, and services. The alleged creditor, Lydia Corning, claims to be a creditor for architectural work, labor, and services rendered by one De Rosa for $3,650, which claim "has been assigned" by "instrument bearing date November 9, 1923." The claim of the alleged third creditor, Abraham Bernstein, is said to be for professional services rendered by Myron Sulzberger, attorney at law, of the agreed price and value of $250, which claim "was assigned to" said Bernstein "by the said Myron Sulzberger by instrument bearing date November 8, 1923."

On or about September 27, 1923, one Myron Sulzberger filed a claim with the receiver in equity in the sum of $19,400. This claim was later amended on October 10, 1923, by reducing the same in the sum of $2,000. After the filing of said claim, and on application by the equity receiver, an order was made on October 22, 1923, by this court referring said claim of Sulzberger to a special master. Said claimant defaulted before said special master, and the claim was dismissed, and an order of dismissal entered on November 30, 1923. Presumably, one of the petitioners on the bankruptcy petition now considered is the assignee of part of Sulzberger's claim, as stated above.

The bankruptcy petition was filed November 13, 1923, and on or about November 17, 1923, the alleged bankrupt answered the petition, denying insolvency, and denying each and every allegation charging acts of bankruptcy, and further denying that the petitioners were the owners of provable claims in bankruptcy, and setting forth the dismissal of the claim by the special master. Thereafter the petitioners in the bankruptcy proceeding moved to strike out portions of the answer to the petition which alleged that the petitioners were not the owners of provable claims. On December 27, 1923, that motion was granted, leaving the question of solvency to be determined by the referee.

This motion to dismiss the bankruptcy petition is before the court on an order to show cause issued January 7, 1924, returnable on January 9, 1924, on the grounds referred to above. Two preliminary questions are to be considered:

First. Has the court the right at this time to entertain the motion to dismiss the bankruptcy petition?

Second. If the court does entertain the motion, and the petition be found defective, are the petitioning creditors entitled to relief by way of amendment?

The motion to dismiss is based on the pleadings in the equity suit and the affidavits of the parties and the petition. It is contended by the attorney for the petitioning creditors that, in view of the fact that the alleged bankrupt answered the petition in bankruptcy, there has been a waiver on the part of the alleged bankrupt corporation and that this court ought not to entertain the motion. The acts of bankruptcy charged in the petition are as follows:

"(1) That, while insolvent ,as aforesaid, the said alleged bankrupt declared its insolvency, in writing under oath in an action in equity pending in the United States District Court for the Southern District of New York, brought by one Robert L. Hatch, as plaintiff, against the alleged bankrupt, as defendant; that said writing consisted of a verified answer, in which the alleged bankrupt admitted all of the allegations of the complaint of the said Robert L. Hatch and joined in the prayer for a receivership, which complaint charged the alleged bankrupt with being insolvent and being unable to meet its obligations, and which prayed for the appointment of a receiver, upon information and belief that the said answer interposed by the alleged bankrupt was verified on or about July 23, 1923, and was filed in the office of the clerk of the United States District Court for the Southern District of New York.

"(2) That on or about July 23, 1923, one John Martin Riehle, Esq., of No. 68 William street, New York City, was appointed receiver of the property and assets of the alleged bankrupt by Hon. Francis A. Winslow, District Judge, by order duly made and entered in the said equity action, on the ground of insolvency.

"(3) Upon information and belief, that while insolvent as aforesaid, and within four months next preceding the filing of this petition, said alleged bankrupt transferred various moneys amounting to more than $1,000 to various of its creditors with intent thereby to prefer such creditors over other creditors of the same class, the names of such preferred creditors being unknown to your petitioners.

"(4) Upon information and belief, that the said alleged bankrupt, within four months next preceding the filing of this petition, with intent to hinder, delay or defraud its creditors, and with intent and for the purpose of giving preference, contrary to the provisions of the Bankruptcy Act, and upon pretended and alleged antecedent indebtedness claimed or alleged to be due from the said alleged bankrupt to divers persons, firms, and corporations, transferred and set over unto divers persons, firms, and corporations, whose names are unknown to your petitioners, valuable property, consisting of money and merchandise, accounts, motion picture rights, contracts for plays, contracts for motion pictures, leaseholds, royalties, and receipts from the exhibition of plays, of the value of $1,000 and upwards, applicable to the payment of the debts of the said alleged bankrupt."

The allegation contained in the paragraph above numbered 1 is wholly false, as an examination of the pleadings in the equity proceeding will disclose. The plaintiff in the equity suit affirmatively alleged solvency; the defendant admitted it, and the court appointed a receiver to conserve the property. The statement made in the paragraph above numbered 2, that this court appointed a receiver of the corporation on the ground of insolvency, is equally untrue, as reference to the same pleadings will disclose.

[1, 2] The appointment of a receiver in equity on the application of some one other than the debtor itself, the application not being based on insolvency, is not an act of bankruptcy. Remington on Bankruptcy, vol. 1, § 166; In re Douglas Coal & Coke Co. (D. C.) 131 Fed. 769; In re Ellsworth Co. (D. C.) 173 Fed. 699. It was also not only the right of the receiver in equity to join in this motion by the alleged bankrupt, but it was his duty. In re Hudson R. E. P. Co. (D. C.) 173 Fed. 934; In re Butler & Co., 207 Fed. 705, 125 C. C. A. 223.

[3] The acts of bankruptcy contained in the paragraphs above quoted, numbered 3 and 4, merely state the language of the statute. The essential facts constituting the acts of bankruptcy must appear affirmatively and distinctly, and the allegations with respect to the particular acts relied on must be set forth in the petition. The mere quotation of the words of the statute is insufficient. Remington on Bankruptcy, vol. 1, § 230, p. 324, citing cases; also Mason-Seamon Transportation Co. (D. C.) 235 Fed. 974; In re Rosenblatt & Co., 193 Fed. 638, 640, 113 C. C. A. 506. This petition is a mere dragnet, of a character that has repeatedly been condemned by this court when contested, although sufficient to sustain an adjudication if admitted by default.

The appearance of the alleged bankrupt and answer by it conferred jurisdiction so far as the person was concerned, but in view of the circumstances it would appear that it was quite necessary for the alleged bankrupt to answer expeditiously, as it did, the petition denying the material facts, not alone as to insolvency, but as to the status of the alleged petitioners; otherwise its default would have resulted in an adjudication. The order striking out the defenses of the answer, except the issue of solvency, was decided on December 27, 1923, and within a very few days thereafter this motion to dismiss the petition was made.

[4] A court of bankruptcy is a court of equity, and a motion to dismiss in good faith, vitally affecting the merits, will certainly be entertained by the court, particularly when made with diligence. In re Connecticut Brass & Mfg. Corp. (D. C.) 257 Fed. 445. It is apparent to the court that the bankruptcy proceeding, begun when the equity receiver has with ability conducted for six months the business of the corporation, would not only be highly injurious to creditors, stockholders, and other persons in interest, but instead of advancing, would probably defeat, the beneficent purposes of the Bankruptcy Act itself. Zeitingen v. Hagadine-McKittrick Dry Goods Co., 244 Fed. 719, 157 C. C. A. 167. The petition is based, in part, upon allegations which the record, as set forth above, discloses to be not only untrue, but the very reverse of the fact, and the other allegations of acts of bankruptcy are wholly insufficient.

[5, 6] The only remaining questions are whether or not the circumstances suggest the exercise of a wise discretion permitting an amendment to the bankruptcy petition, and, if permitted, could such amendment cure the defective petition. The petitioning creditors have called the court's attention to the case of Bradley v. Huntington (C. C. A.) 277 Fed. 948, on the question of an amendment to the petition. That case, however, is very different from the case at bar. In the Bradley

Case, more than two years after the issue was framed and pursuant to demand of the defendants, the issues were being tried before a jury. After the trial had begun and considerable evidence given *without objection on the part of the alleged bankrupt,* although the pleading was plainly insufficient, the court held that the proof offered in support of one of the acts of bankruptcy was insufficient, whereupon a motion was made to dismiss the petition as deficient as to other allegations. This motion was then denied, but the court adjourned the trial and directed the service of a bill of particulars; the defendants not pleading surprise. It was held that "the verdict sufficiently indicates that the particulars were proven." The Bradley Case is authority for the contention that the present petition is wholly insufficient, but that a defective petition may be amendable.

In the case at bar the three petitioning creditors have not moved to amend their petition, but on the argument suggested that amendment should be permitted, if the petition were defective. The equity receiver has been administering the affairs of the corporation without complaint or objection for over six months. Had not the Morosco Holding Company, Inc., filed an answer to the bankruptcy petition, an adjudication would have been had by default. The answer was, in fact, an affidavit of merits, and not only controverted the alleged general allegations of acts of bankruptcy, but denied the palpably false statement that the corporation had admitted its insolvency at the time of the appointment of the equity receiver.

In re Mason-Seamon Transportation Co., supra, is a case involving facts somewhat similar to the present one. In that case, in a creditors' action, the court had appointed two receivers, who were administering the property of the company. Two months after, three petitioning creditors filed a petition in bankruptcy, and a motion was made by the alleged bankrupt to dismiss this petition. An answer had been filed by the alleged bankrupt, denying the alleged acts of bankruptcy. It was there contended that the motion to dismiss was late, and the right to make it had been waived by the alleged bankrupt. The court held that the motion to dismiss had been seasonably made. In the case at bar the motion has been expeditiously made, and no hearings have been had before the referee in bankruptcy. Notice of the motion to dismiss has been given to the petitioning creditors herein, and no others have intervened. The petition is wholly deficient.

[7] There remains, therefore, the sole question as to whether or not the petitioning creditors should be permitted to amend their petition. An amendment to avail them would of necessity have to specify an act of bankruptcy committed within four months from the date of the amendment. In re Condon, 209 Fed. 800, 126 C. C. A. 524; In re Haff, 135 Fed. 742, 68 C. C. A. 380; In re Forbes (D. C.) 235 Fed. 316; In re Bloomberg (D. C.) 253 Fed. 94. In the Condon Case the court said:

"The original petition, filed April 12, 1911, merely alleged, in the language of the statute, that Condon had made transfers to hinder, delay, or defraud creditors and also transfers with intent to prefer creditors. There was no specification of any of these, nor were any facts in relation thereto set forth. This was insufficient under decisions of this court. In re Rosenblatt (C. C. A.

·2d Cir.) 28 A. B. R. 401, 193 Fed. 638, 113 C. C. A. 506, and other cases cited. * * * The date of the amendment must be taken as the date from which the four months' period of section 3b is to be calculated."

Remington on Bankruptcy, vol. 1, § 301, p. 348: ·

"The amendment relates to and takes effect as of the date of the filing of the original petition, except where based on allegations in the mere words of the statute or on other legal conclusions in the original, in which event the amended matter is to be treated rather as an original petition filed as of the date of the amendment. But the amendment, if allowed to be filed, will be held to take effect as of the date of the amendment and not to revert to the date of the filing of the ·original bankruptcy petition. * * * "

In Re Rosenblatt & Co. (C. C. A. 2d Cir.) 193 Fed. 638, at page 640, 113 C. C. A. 506, at page 508, the court said:

"The privilege of amendment was a matter resting [in] the·discretion of the court, not to be reviewed, except when such discretion has been abused."

It is manifest that, if an amendment were permitted by the court, the petitioners, in order to bring themselves within the period of limitation would have to allege acts of bankruptcy committed by the receiver in equity. I do not think it would be seriously contended that any act of the receiver could be construed as an act of bankruptcy on the part of the alleged bankrupt.

[8] But, in addition to the purely technical questions, there are many facts in the present case strongly appealing to the equity powers and conscience of the court. Not only is· the petition in bankruptcy defective, but it is proper for "the court to take into account the unwisdom of the bankruptcy proceedings in passing upon an application for leave to amend," and the court in such case "may refuse amendment where· ordinarily it might have permitted such amendment," if, for the moment, we admit that an amendment by the petitioners herein would have been substantial and could have cured the defects of the petition. Remington on Bankruptcy, vol. 1, div. 3, §§ 33, 575; Woolford v. Steel Co. (D. C.) 15 Am. Bankr. Rep. 36, 138 Fed. 582.

The receiver in equity herein ·was appointed on the distinct allegation and admission of solvency. Later a hearing was had before the court, at which a very large number of stockholders and creditors were present, who, with practical unanimity, approved of the receivership· in equity. The receiver has been conducting the affairs of the corporation for nearly six months, and no one has been heard to complain, other than the three alleged creditors on the petition herein. On the contrary, the court is satisfied by the entire record that the management by the equity receiver is serving a most beneficent purpose and that a bankruptcy receiver, even if the facts warranted, which they do not, would be most unfortunate for the best interests of all concerned.

The motion to dismiss the petition herein will be granted.